Case 2:20-cv-00680-DB   Document 5   Filed 04/22/20   Page 1 of 8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONROY J. HAYES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. SPENCER, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-680 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated one cognizable claim, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claim in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff is currently incarcerated at Salinas Valley State Prison. He complains of conduct that occurred in December 2018 at California State Prison-Solano ("CSP-Solano"). Plaintiff identifies the following four defendants: (1) Correctional Officer ("CO") M. Spencer; (2) Correctional Sergeant M. Burkhart; (3) Correctional Lieutenant S. Fonte; and (4) CO J. Giottonini.

Plaintiff identifies his first claim as alleging excessive force. He contends that on December 8, 2018, defendant Spencer handcuffed him too tightly and escorted him to the center complex. At one point during the escort, Spencer pushed plaintiff forward by the neck at the same time he pulled up on plaintiff's arms and kicked plaintiff's legs out from under him. Plaintiff "slammed" to the ground. Spencer then sat on top of plaintiff and pushed plaintiff's neck into the ground while he "pinched and squeezed" plaintiff's arm. Plaintiff contends that he remained handcuffed

////

3

during this time and did nothing to warrant this use of force.  Plaintiff alleges that he suffered bruising to his wrists, abrasions on his legs, a deep wound to his knee, and a concussion.

Plaintiff next alleges that defendants Spencer, Burkhart, Giottonini, and Fonte denied plaintiff "equal protection of the laws" when they falsified crime reports regarding the incident with Spencer.  In his third claim, plaintiff contends the actions of defendants in falsifying the reports amounted to a conspiracy.  Finally, in his fourth claim, plaintiff alleges each defendant failed to "abate a conspiracy" planned by the other defendants.

Plaintiff seeks compensatory and punitive damages.

**B.  Does Plaintiff State Cognizable Claims?**

**1. Eighth Amendment Excessive Force**

Plaintiff has alleged facts sufficient to make out a claim for excessive force against defendant Spencer.  Plaintiff's allegations, if proven, establish that Spencer deliberately used unnecessary force to cause harm rather than in a good-faith effort to maintain or restore discipline.  See Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam).  Plaintiff will be permitted to proceed on his Eighth Amendment claim.

**2. Falsification of Reports**

Plaintiff attempts to make three claims based on his allegations that all four defendants falsified reports of this December 8, 2018 incident:  (a) violation of plaintiff's rights to equal protection of the laws; (b) conspiracy; and (c) failure to abate a conspiracy.  However, plaintiff's allegations do not state cognizable claims on these bases or on any other bases at this time.

First, plaintiff does not state a claim for a violation of the Equal Protection Clause.  The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a

4

legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). An equal protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Plaintiff does not contend that he is a member of a protected class. Nor does plaintiff show that he is similarly situated in all relevant respects with other inmates who were treated differently. Plaintiff does not state a claim under the Equal Protection Clause.

With respect to plaintiff's allegations of a conspiracy, they do not, alone state a constitutional claim under § 1983. A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted). Here, plaintiff fails to state an underlying constitutional violation. To the extent plaintiff is attempting to allege a claim that false reports were filed against him, he is advised that the falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). For the same reasons, plaintiff's claims of failures to abate a conspiracy are not cognizable in this case.

While this court finds it unlikely plaintiff can state cognizable claims against defendants Burkhart, Giottonini, and Fonte, because plaintiff is proceeding pro se and this court must liberally construe his filings, plaintiff will be given an opportunity to amend his complaint to attempt to state claims against those defendants. However, plaintiff is not obligated to do so. As explained below, plaintiff may choose to proceed on his Eighth Amendment claim against defendant Spencer and dismiss the remaining defendants from this case.

**CONCLUSION**

This court finds above that plaintiff has stated a cognizable claim against defendant Spencer for excessive force in violation of the Eighth Amendment. This court further finds that plaintiff has failed to state claims against any of the remaining defendants.

Plaintiff has a choice. He may proceed on his excessive force claim against Spencer or he may amend his complaint to attempt to also state claims against the remaining defendants.

Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated a cognizable Eighth Amendment claim against defendant Spencer for excessive force.

4. Plaintiff's claims against defendants Burkhart, Giottonini, and Fonte are dismissed with leave to amend.

5. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.

    a. If plaintiff chooses to proceed on his current Eighth Amendment excessive force claim against defendant Spencer, he shall so notify the court within forty-five days.  The court will then order service of the complaint on defendant Spencer and will recommend dismissal of plaintiff's remaining claims.

    b. If plaintiff chooses to amend his complaint, within forty-five days from the date of service of this order, he may filed an amended complaint that complies with the

requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment excessive force claim against Spencer.  The court will then recommend dismissal of plaintiff's remaining claims.

 6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED:  April 21, 2020

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/haye0680.scrn lta or proceed